Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Williams Sims,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X
William Sims, on behalf of himself
and all others similarly situated,

                      Plaintiffs,         **CLASS ACTION COMPLAINT**

    v.

Credit Control, LLC

                      Defendant.
--------------------------------------------------------X

      Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

### **INTRODUCTION**

1. Plaintiff, on his own behalf and on behalf of the classes he seeks to represent, brings this action to secure redress for the debt collection practices utilized by the Defendant, Credit Control, LLC ("CC" or "Defendant") in connection with their attempts to collect alleged debts from the Plaintiff and others similarly situated.

2. Plaintiff alleges that CC's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA")

1

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District; and
    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, William Sims, is an individual natural person who at all relevant times resided in the City of Union, County of Union, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Credit Control, LLC, at all times relevant hereto, is and was a Limited Liability Corporation with offices located at 5757 Phantom Drive, Suite 330 Hazelwood, MO 63042.

10. The principal purpose of CC is the collection of debts using the mail and telephone.

11. CC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. CC collects and attempts to collect debts owed or due another that were incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service and the telephone.

13. CC is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## **FACTS**

14. Sometime prior to January 1, 2016, Plaintiff allegedly incurred a debt to Chase Bank, N.A. related to a personal Kohl's Department Stores, Inc. credit card (the "Debt").

15. Chase Bank, N.A. is a "creditor" as defined by 15 U.S.C. §1692a(4).

16. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal Kohl's Department Stores, Inc. credit card account in Plaintiff's name.

17. The Debt arose out of a consumer credit card account that Plaintiff opened in order to pay for his personal and household items.

18. The Kohl's Department Stores, Inc. credit card was neither opened nor used by Plaintiff to pay for business expenses.

19. The personal credit card obligation to Chase Bank, N.A. is a "debt" as defined by 15 U.S.C. §1692a(5).

20. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

21. Defendant contends that the Debt is past-due and in default.

22. At some point after Plaintiff's alleged default, Chase Bank, N.A. determined that the Debt was uncollectable and therefore decided to "charge-off" the Debt.

23. Creditors charge-off debts in accordance with federal regulations that permit the creditor to remove the debt from their financial records.[1] These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

24. Sometime after Chase Bank, N.A. charged off the Debt, Plaintiff's Debt was placed with Defendant for collection.

25. The Debt was past-due and in default when it was placed with Defendant for collection.

26. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

27. On or about December 7, 2016, CC mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as **Exhibit A** is a true copy of the letter dated December 7, 2016 sent by CC to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy)

28. CC mailed the December 7, 2016 letter attached as Exhibit A as a part of their efforts to collect the Debt.

29. Plaintiff received the letter attached as Exhibit A in the mail.

30. Plaintiff reviewed the letter attached as Exhibit A upon receipt of the letter in the mail.

31. Exhibit A seeks to collect the Debt.

---

[1] By charging off the Account, the Debt had been in default for a period of approximately 180 days. *See* Uniform Retail Credit Classification and Account Management Policy, 65 Fed. Reg. 36903 (June 12, 2000); *see also* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days.").

32. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

33. The top portion of the letter attached as Exhibit A states: "Balance Due: $1929.52".

34. Exhibit A further states in all bold capital print:

**NOTICE:
SEE REVERSE SIDE FOR
IMPORTANT INFORMATION**

35. On the reverse side of the letter attached as Exhibit A it states:

    Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater.

36. On information and belief, and contrary to the above statement contained in the letter attached as Exhibit A, at no time after placing the Debt with CC for collection, did Chase Bank, N.A. or Defendant assess interest, late charges, and/or any other charges on the Debt.

37. On information and belief, and contrary to the statement contained in the letter attached as Exhibit A, at no time on or the Debt was placed with CC for collection <u>could</u> Chase Bank, N.A. or Defendant have assessed interest, late charges, and/or any other charges on the Debt.

38. On information and belief, and contrary to the statement contained in the letter attached as Exhibit A, at no time does Chase Bank, N.A. assess interest, late charges and/or other charges to the balance(s) due on consumer debts, which are similar to the Debt in that they have been charged off.

39. On information and belief, and contrary to the statement contained in the letter attached as Exhibit A, at no time does Defendant assess interest, late charges and/or other charges

to the balance(s) due on consumer debts, which are similar to the Debt and which it seeks to collect.

40. On information and belief, contrary to the statement contained in the letter attached as Exhibit A, at no time can Defendant assess interest, late charges, and/or any other charges or fees due on consumer debts, which are similar to the Debt and which it seeks to collect.

41. On information and belief, Defendant is not legally or contractually permitted add interest to the Debt.

42. On information and belief, Defendant is not legally or contractually permitted to add late charges to the Debt.

43. On information and belief, Defendant is not legally or contractually permitted to add any other charges to the balance alleged due on the Debt.

44. Federal regulations require banks, such as Chase Bank, N.A., to send periodic statements on all accounts, including defaulting accounts in order to assess and charge interest or fees to the account.[2] Thus, banks cannot assess interest, late charges or other charges or fees, if periodic statements are not sent.

45. On information and belief, Chase Bank, N.A. ceased sending period statements, charged-off the Debt, and stopped assessing interest, late charges and/or other charges on the Debt, prior to the Debt being placed with CC for collection and CC mailing or causing to be mailed the December 7, 2016 letter attached as Exhibit A.

---

[2] 12 C.F.R. § 226.5(b)(2)(i).

46. The balance of the Debt remained at $1,929.52 after it was placed with CC for collection and never increased because of assessments made by Chase Bank, N.A. in the form interest, later charges, and/or other charges.

47. Upon information and belief, there would never be assessments made by Chase Bank, N.A. in the form of interest, late charges, and/or other charges regarding Plaintiff's Debt after it was charged off and placed with CC for collection.

48. Defendant's statement that, "Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater" is false, deceptive, and misleading to the least sophisticated consumer because Defendant falsely suggested in their letter attached as <u>Exhibit A</u> that the balance due on the Debt may increase from day to day because of interest, late charges and other charges that may be assessed by Chase Bank, N.A. In fact, the balance due on the Debt could never vary from day to day because of assessments in the form of interest, late charges or other charges because Chase Bank, N.A. had charged off the debt, stopped sending monthly statements to Plaintiff, and stopped charging assessments (such as interest, late charges, or other charges) on the Debt prior to the Debt being placed with Defendant for collection, and Defendant was aware of this fact.[3]

49. Such a false statement makes the least sophisticated consumer uncertain as to the amount allegedly owed to Chase Bank, N.A., and uncertain as to how much additional "assessments" such as interest, late charges, or other charges, would continue to accrue on the Debt.

---

[3] <u>Hovermale v. Immediate Credit Recovery Inc</u>., 2016 WL 4157160, at *3 (D.N.J. Aug. 4, 2016) ("Because Defendant could not lawfully assess late charges, it was misleading to the least sophisticated debtor for Defendant to represent that Plaintiff's amount due "may be greater" due to late charges.").

50. Defendant's false and misleading statement that "Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater" is a collection play and a deceptive tactic used to trick the least sophisticated consumer into believing that paying less than the full amount owed or not immediately paying would cause the balance of the debt to increase.

51. CC's collection practice is a high-volume practice.

52. CC's debt collection practice is largely automated and utilizes standardized form letters.

53. On information and belief, the December 7, 2016 letter attached as <u>Exhibit A</u> is a mass-produced, computer generated form letter that is prepared by CC and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

54. CC mailed or caused to be mailed letters in the form of <u>Exhibit A</u> over the course of the past year to hundreds of New Jersey consumers from whom CC attempted to collect a consumer debt.

55. It is Defendant's policy and practice to send written collection communications, in the form exemplified by <u>Exhibit A</u>, in an attempt to collect consumer debts, which falsely threaten that assessments may be made by their creditor to the balance due on their debt, in violation of the FDCPA.

56. Defendant used the same procedures it used in sending the letter attached as <u>Exhibit A</u> when sending the same and/or similar letters to other New Jersey Consumers.

# CLAIMS FOR RELIEF

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 U.S.C. §1692e)

57. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

58. The conduct of the Defendant in this case violates 15 U.S.C. §§1692, 1692e(2)(A), 1692e(5) and 1692e(10).

59. The FDCPA at Section 1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of –

    (A) the character, amount, or legal status of any debt; or

    (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

60. The Defendant's violated the FDCPA because letter attached as <u>Exhibit A</u>:

    a. Made false, deceptive or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. §1692e.

    b. Made false representations of the character, amount, or legal status of a debt in violation of 15 U.S.C. §1692e(2)(A) by falsely representing that the amount of the debt was subject to assessments by Chase Bank, N.A. (such as interest, late charges, and/or other charges) when in fact, legally, it was not because the Debt had been charge offed by Chase Bank, N.A. and Chase Bank, N.A. had ceased sending Plaintiff monthly statements prior to the <u>Exhibit A</u> being mailed by CC to Plaintiff.

    c. Threatened to take an action that could not legally be taken or that was not intended to be taken, in violation of 15 U.S.C. §1692e(5), by falsely stating that the Debt may be subject to assessments by Chase Bank, N.A. when in reality

under no circumstances would the Debt be subject to assessments by Chase Bank, N.A. in the form of, interest, late charges, or other charges.

    d. Used false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692(e)(10).

61. The violations of the FDCPA described herein constitute *per se* violations.

62. CC is liable to Plaintiff and the proposed class pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

## CLASS ALLEGATIONS

63. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

64. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

65. The Class consists of (a) all individuals (b) with a New Jersey address (c) who were sent a letter from CC in a form materially identical or substantially similar to letter attached as Exhibit A to the Complaint (d) in an attempt to collect a debt that had previously been charged off by Chase Bank, N.A. (e) which was not returned as undeliverable (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (g) which letter contained the same or similar language: "Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater."

66. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

67. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendant's conduct involves the sending of a form collection letter. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

   ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

   iii. **Typicality**: Plaintiff's claims are typical of those of the class he seeks to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would

require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

    iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

    v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

68. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to each member of the class predominate over any questions affecting any individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

69. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

   b. Members of the classes are likely to be unaware of their rights; and

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that CC violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5), and 1692e(10);

3. An award of statutory damages for William Sims and the class pursuant to 15 U.S.C. §1692k;

4. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
December 2, 2017

/s/ Ryan Gentile
By:_____
Ryan Gentile, Esq.
Attorney for Plaintiff
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
Fax: (212) 675-4367
rlg@lawgmf.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

        The Law Offices of Gus Michael Farinella, PC

          /s/ Ryan Gentile
By:_____
        Ryan Gentile